UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

| | |
|---|---|
| **MAYFIELD CONSUMER PRODUCTS, LLC,** ) <br> ) <br> **Plaintiff** ) <br> ) <br> ) <br> ) <br> **v.** ) <br> ) <br> **THE INTERNATIONAL GROUP, INC.** ) <br> ) <br> **Defendant** ) | Case No.: 5:23-cv-101-BJB |

# COMPLAINT

Mayfield Consumer Products, LLC ("MCP"), for its complaint against The International Group, Inc. ("IGI"), states:

## THE PARTIES, JURISDICTION, AND VENUE

1. MCP is a Kentucky limited liability company with one member: The Van DeVenter Irrevocable Trust (the "Trust"), a Wyoming trust. Willow Street Trust Company of Wyoming, LLC ("WSTC") serves as trustee of the Trust. The sole member of WSTC is WSG Holdco, LLC ("Holdco"), a Wyoming limited liability company with a principal place of business in Jackson, Wyoming. Holdco is ultimately owned and controlled by six members, all of whom are citizens of Wyoming. Thus, for jurisdictional purposes, MCP is a citizen of the state of Wyoming.

2. MCP operates a candle manufacturing business in Graves County, Kentucky.

3. IGI is a Delaware corporation registered to do business in the Commonwealth of Kentucky. IGI's principal place of business in the United States is 1007 East Spring Street, Titusville, Pennsylvania 16354. IGI's registered agent for service of process is Ingrid Allan, 3182 Tennyson Place, Latonia, Kentucky 41015. Because IGI is incorporated in Delaware with a

1

principal place of business in Pennsylvania, it is a citizen of Delaware and Pennsylvania for jurisdictional purposes.

4. Jurisdiction and venue in this Court are proper because the parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In addition, MCP's candle manufacturing business is located in this district and the events or omissions giving rise to the claim occurred in this district. 28 U.S.C. § 1391.

## FACTUAL BACKGROUND

5. MCP manufactures candles and sells them to retailers throughout the United States.

6. IGI is a wax supplier and supplies wax to MCP for MCP to use in the manufacturing of its candles. MCP's and IGI's business relationship is governed by contract.

7. Pursuant to the contract between the parties, on July 25, 2022, IGI delivered wax to MCP in a tanker truck that IGI had contracted with to deliver the wax.

8. Unbeknownst to MCP, the truck had not been adequately cleaned and a foreign substance contaminated the wax delivered to MCP.

9. MCP used the wax in the manufacturing of candles and delivered a sample of the candles to its customer's designated test lab.

10. MCP's customer's designated test lab performed usual and customary burn testing applying standards established by the American Society of Testing Materials ("ASTM").

11. An unacceptable number of candles failed the ASTM burn testing standards by burning too high, flashing over, and burning too hot, resulting in a scorched or melted label.

12. MCP investigated the reason the candles failed the burn testing and determined that the tanker that shipped the wax contained a silicone or another foreign substance that resulted in the unacceptable conditions.

13. MCP was required to destroy the candles that used the contaminated wax.

14. MCP incurred in excess of $9,700,000 damages as a result of having to destroy the candles and other associated business losses.

15. MCP is entitled to judgment against IGI for the damages the contaminated wax caused, including all expenses associated with the contaminated candles and other business losses.

## CAUSES OF ACTION

### COUNT I – BREACH OF CONTRACT

16. MCP incorporates by reference the allegations set forth above.

17. MCP contracted with IGI for candle wax that met acceptable specifications and provided safe burning conditions.

18. IGI delivered candle wax to MCP that was contaminated with silicone or another foreign substance that failed specifications and resulted in unacceptable burning conditions.

19. IGI breached the contract.

20. As a result of IGI's breach of contract, MCP suffered significant damages due to the need to destroy the contaminated candles, as well as other business losses.

21. MCP had demanded that IGI pay MCP for its breach of the contract, but IGI has refused to do so.

22. MCP has complied with its obligations under the terms of the contract.

23. This Court should enter judgment in MCP's favor in an amount no less than $9,700,000.

### COUNT II – NEGLIGENCE

24. MCP incorporates by reference the allegations set forth above.

25. IGI delivered candle wax to MCP and had a duty to ensure that the wax was of good quality and not contaminated.

26. IGI breached its duty owed to MCP by delivering wax to MCP that was contaminated with silicone or another foreign substance that resulted in dangerous burning conditions.

27. MCP suffered damages proximately caused by IGI's breach of its duty by being required to destroy the candles that used contaminated wax delivered by IGI and other business losses caused by IGI's delivery of contaminated wax.

28. Specifically, MCP has suffered damages in excess of $9,700,000 directly and proximately caused by IGI's breach of its duty owed to MCP.

29. MCP is entitled to a judgment against IGI in the minimum amount of $9,700,000 as a result of IGI's breach of its duty to MCP.

**WHEREFORE**, MCP respectfully requests that the Court:

A. Enter judgment for MCP for compensatory damages in the amount proven at trial, an amount not less than $9,700,000;

B. Grant a jury trial on all issue so triable;

C. Award MCP its attorneys' fees and costs incurred in bringing this action; *and*

D. Award MCP any and all other relief to which it appears entitled.

Respectfully submitted,

By: */s/Russell B. Morgan*
    Russell B. Morgan (No. 85355)
    1600 Division Street, Suite 700
    Nashville, TN 37203
    Tel: (615) 252-2311
    Fax: (615) 252-6311
    rmorgan@bradley.com

    *Attorney for Plaintiff Mayfield Consumer Products, LLC*