UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
Case No. 5:23-cv-00101-BJB-LLK

**MAYFIELD CONSUMER PRODUCTS, LLC,**  **PLAINTIFF**

v.

**THE INTERNATIONAL GROUP,**  **DEFENDANT**

## MEMORANDUM OPINION AND ORDER

This matter has been referred to Magistrate Judge Lanny King to hear and determine all pretrial matters. Text Order of October 3, 2023 [DN 14]. Pursuant this authority, on October 29, 2024, the Court held a status conference to discuss the need for limited jurisdictional discovery in this matter. [DN 85]. The Court allowed briefing, and before it now are three Motions for Leave to Serve Jurisdictional Discovery. Motions [DNs 83, 90, 91]. The Motions, filed by Plaintiff Mayfield Consumer Products, LLC ("MCP"), MCP Motions [DNs 83, 91], and Defendant/Third-Party Plaintiff, The International Group, Inc. ("IGI"), IGI Motion [DN 90], move the Court for leave to serve jurisdictional discovery on Defendants Trimac Transportation Services, Inc. ("TTSI"), MCP Motion [DN 83]; IGI Motion [DN 90], Trimac Transportation, Inc. ("TTI"), and Trimac Transportation Services Western, Inc. ("TTSWI") (collectively, the "Trimac Entities" or "Trimac"), MCP Motion [DN 91]; IGI Motion [DN 90]. The Trimac Entities responded, Trimac Responses [DNs 88, 94-95], and MCP and IGI (by way of incorporating MCP's arguments, *see* IGI Motion [DN 90] ¶8) replied, Replies [DNs 93, 96]. The Motions being fully briefed and ripe for review, the Court shall **GRANT** Plaintiff MCP's and Defendant/Third-Party Plaintiff IGI's Motions for Leave to Serve Jurisdictional Discovery on the Trimac Entities, MCP Motions [DNs 83, 91]; IGI Motion [DN 90].

1. **Background and Procedural History**

Litigation in the underlying dispute commenced with MCP's July 21, 2023, Complaint against IGI for breach of contract and negligence. Complaint [DN 1]. MCP manufactures candles and sells them to retailers throughout the United States, and IGI supplies wax for MCP to use in the manufacturing of its candles. *Id.* ¶¶ 5-6. Pursuant their contract, on July 25, 2022, IGI delivered wax to MCP in a tanker truck that IGI had hired to deliver the wax. *Id.* ¶ 7. MCP alleges that, due to the presence of foreign, contaminating substances in the tanker truck, the candles that it subsequently manufactured were unusable, resulting in $9,700,000 in damages. *Id.* ¶¶ 8-13.

On July 18, 2024, MCP filed an Amended Complaint, including Contrans Tank Group GP, Inc., Contrans Tank Group LP, (collectively, the "Contrans Entities" or "Contrans"), and the Trimac Entities. Amended Complaint [DN 34]. As alleged, Defendant IGI hired Contrans to ship the wax from IGI's plant in Toronto to MCP's plant in Kentucky. Amended Complaint [DN 34] ¶¶ 15-17. Contrans hired Trimac to clean and inspect Contrans' tank that would be used to transport the wax. *Id.* ¶21. On July 22, 2024, IGI filed a Third-Party Complaint against Contrans and Trimac seeking indemnity and contribution. Third-Party Complaint [DN 36]. In October 2024, Trimac moved to dismiss the Amended Complaint and Third-Party Complaint for lack of personal jurisdiction. [DNs 72, 74, 82]. The instant Motions for Leave to Serve Jurisdictional Discovery followed thereafter and were fully briefed by January 27, 2025. Motions [DNs 83, 90, 91]; MCP Reply [DN 96].

## 2. FRCP Rule 12(b)(2) Discovery Standard

District courts have broad discretion over docket control and the discovery process. *See In re Air Crash Disaster*, 86 F.3d 498, 516 (6th Cir. 1996). "It is well established that the scope of discovery is within the sound discretion of the trial court." *Lavado v. Keohane*, 992 F.2d 601, 604 (6th Cir. 1993) (citation omitted).

"Presented with a motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction, the Court may (1) rule on the motion based on the pleadings and affidavits alone, (2) permit discovery on the motion, or (3) hold an evidentiary hearing on the motion." *Cmty. Ass'n of Underwriters of Am., Inc. v. TTI Consumer Power Tools, Inc*., No. 3:23-CV-107-RGJ, 2023 WL 8851666, at *3 (W.D. Ky. Dec. 21, 2023) (citing *Dean v. Motel 6 Operating L.P*., 134 F.3d 1269, 1272 (6th Cir. 1998); *Serras v. First Tenn. Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989)). Neither MCP nor IGI have requested an evidentiary hearing, but both move the Court to allow jurisdictional discovery.

Because Trimac challenges personal jurisdiction and supports this challenge with evidence,[1] the burden shifts to the Movants to demonstrate facts that support personal jurisdiction. *Lindsey v. Cargotec USA, Inc*., No. 4:09CV-00071-JHM, 2010 WL 3397355, at *1 (W.D. Ky. Aug. 26, 2010). They may not stand on the pleadings alone but must, "by affidavit or otherwise, set forth specific facts showing the Court's jurisdiction." *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Although the burden is ultimately on the Movants, courts are to provide assistance by allowing jurisdictional discovery unless their claims are "clearly frivolous." *Cargotec USA*, 2010 WL 3397355, at *1 (internal citations omitted); *Grange Ins. Co.*

---

[1] *See* Anger Declaration [DN 72-1; 74-1; 77-1]; *Peters Broad. Eng'g, Inc. v. 24 Cap., LLC,* 40 F.4th 432, 437 (6th Cir. 2022) (A motion to dismiss for lack of personal jurisdiction "must be supported by evidence.").

*v. US Framing Inc.*, No. 3:22-CV-167-CHB, 2023 WL 2731045, at *5 (W.D. Ky. Mar. 30, 2023).

The decision whether to grant discovery before ruling on a 12(b)(2) motion is discretionary. *Burnshire Dev., LLC v. Cliffs Reduced Iron Corp.*, 198 F. App'x 425, 434 (6th Cir. 2006); *Intera Corp. v. Henderson*, 428 F.3d 605, 614 n. 7 (6th Cir. 2005). "Where there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction it is not an abuse of discretion to deny discovery." *Booth v. Verity, Inc.*, 124 F. Supp. 2d 452, 457 (W.D. Ky. 2000).

### 3. Applicable Law and Effect of Amendment to KRS § 454.210

On July 15, 2024, Kentucky amended KRS § 454.210 (the Kentucky "Long-Arm Statute"). It now allows that a "court may exercise personal jurisdiction over a person who is a party to a civil action on any basis consistent with the Constitution of Kentucky and the Constitution of the United States[.]" Ky. Rev. Stat. Ann. § 454.210. Prior to this amendment, the Long-Arm Statute provided an exhaustive list of bases for exercising personal jurisdiction over out-of-state defendants. 2019 Kentucky Laws Ch. 16 (HB 201); *Bell v. Kokosing Indus., Inc.*, No. 23-5791, 2024 WL 3549581, at *5 (6th Cir. July 26, 2024) (construing prior version of statute) ("Kentucky's long-arm statute covers nine categories of conduct. And it requires the [movants'] claims to arise from that conduct.") (internal quotations and citations omitted); *Caesars Riverboat Casino, LLC v. Beach*, 336 S.W.3d 51, 56 (Ky. 2011) (construing prior version of statute) ("[N]on-resident defendants whose activities fall outside the criteria of KRS 454.210 may not be subjected to long-arm jurisdiction.") In sum, "the statute has become a due process long-arm." *Premier Packaging, LLC v. Sticky Fingers Sweets & Eats, Inc.*, No. 3:24-cv-

4

427, 2025 U.S. Dist. LEXIS 17681, at *6 (W.D. Ky. Jan. 31, 2025). "[W]hen a state's long-arm statute reaches as far as the limits of the Due Process Clause, … the court need only determine whether the assertion of personal jurisdiction ... violates constitutional due process." *Aristech Chem. Int'l Ltd. v. Acrylic Fabricators Ltd.*, 138 F.3d 624, 627 (6th Cir. 1998) (internal citations omitted).[2]

Taking advantage of the—now longer—Long-Arm Statute, MCP filed an Amended Complaint on July 18, 2024, and on July 22, 2024, IGI filed a Third-Party Complaint—each asserting claims against Trimac. Amended Complaint [DN 34]; Third-Party Complaint [DN 36]. Courts are to "apply the long-arm statute that was in effect at the time of filing." *Bell*, 2024 WL 3549581, at *5. The amended statute, which was enacted on July 15, 2024, is therefore applicable to this dispute. In none of its Responses does Trimac acknowledge the proper standard. *See, e.g.,* Trimac Reply [DN 95] at 4 (arguing under the prior statute that Plaintiff has not shown any "'tortious injury by an act or omission in this Commonwealth.' KRS 454.210(2)(c).")

### 4. Jurisdictional Discovery Analysis

"Personal jurisdiction falls into two categories: general and specific." *Malone v. Stanley Black & Decker, Inc*., 965 F.3d 499, 501 (6th Cir. 2020); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). "General jurisdiction exists when the defendant's affiliations with the forum state are so continuous and systematic as to render the defendant essentially at home there." *Id.* (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564

---

[2] "A federal court sitting in diversity may not exercise jurisdiction over a defendant unless courts of the forum state would be authorized to do so by state law—and any such exercise of jurisdiction must be compatible with the due process requirements of the United States Constitution." *Malone*, 965 F.3d at 502.

U.S. 915, 919 (2011) (internal quotations omitted). Movants do not argue that general jurisdiction exists, and it is undisputed that none of the Trimac Entities have a principal place of business, or are incorporated, in Kentucky. *See, e.g.,* Amended Complaint [DN 34] ¶¶7-10; Anger Declaration [DN 72-1] ¶¶4-9. *See Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 401 (6th Cir. 2021) (general jurisdiction includes principal place of business and place of incorporation); *Daimler AG v. Bauman*, 571 U.S. 117, 138-139 (2014) (corporation's place of incorporation and principal place of business allow for the exercise of general jurisdiction).[3] Movants must then depend on specific personal jurisdiction.

The Sixth Circuit has established a three-part test for determining whether specific jurisdiction may be exercised:

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 550 (6th Cir. 2007); *Sullivan v. LG Chem, Ltd.*, 79 F.4th 651, 670 (6th Cir. 2023). Each of these three parts will be evaluated in turn to determine to what extent discovery would be reasonable, if at all. *See Booth*, 124 F. Supp. 2d at 457.

   a. <u>Whether Discovery Could Reveal Trimac's Purposeful Availment</u>

---

[3] The Court does not address the possibility that Trimac is subject to general personal jurisdiction due to its appointing a registered agent in Kentucky; the parties have not briefed this issue, and the Court finds no authority to exercise jurisdiction on this basis alone. *See Consolidated Development Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000) ("Courts of appeals that have addressed this issue have rejected the argument that appointing a registered agent is sufficient to establish general personal jurisdiction over a corporation.")

"For a court to exercise personal jurisdiction, the defendant must purposefully avail itself of the privilege of conducting activities within the forum State. The question is whether the defendant acted or caused a consequence in the forum state such that he invoked the benefits and protections of its laws." *Sticky Fingers*, 2025 U.S. Dist. LEXIS 17681, at *7-8 (internal quotations and citations omitted).

The Amended Complaint alleges that each of the Trimac Entities does business at 76 West C Avenue, Calvert City, Kentucky 42029 and 3710 Cane Run Road, Louisville, Kentucky 40211. [DN 34] ¶¶7-9.  In support of this allegation, Movants point to a purported Trimac website, (https://www.trimac.com/locations/), which lists the Cane Run and Calvert City, Kentucky addresses as two of its tank-cleaning locations. [DN 83-1] at 2-3.[4] Trimac, on the other hand, contends that during the relevant time, TTSI "did not do business at 76 West C Avenue, Calvert City, Kentucky or 3710 Cane Run Road, Louisville, Kentucky" or "maintain any offices, plants, or other facilities in Kentucky." Anger Declaration [DN 72-1] ¶¶12-13. Discovery may resolve this disputed fact and reveal additional facts relevant under this prong. *See AMB Media, LLC v. OneMB, LLC*, No. 23-5607, 2024 WL 2052151, at *4 (6th Cir. May 8, 2024) (finding "'voluntary service of the U.S. market' coupled with 'not insubstantial income' from that market constituted purposeful availment") (quoting *Plixer Int'l, Inc. v. Scrutinizer GmbH*, 905 F.3d 1, 10 (1st Cir. 2018)).

It is unclear whether any or all of the Trimac Entities knew or expected that the tanker in question was bound for Kentucky (with an allegedly contaminated load). Such knowledge is relevant under this prong, as analogous cases have held that purposeful availment may exist

---

[4] Movants also point to another website: https://www.nationaltankservices.com/terms-of-use/. Trimac disputes any connection with National Tank Services ("NTS"), but the NTS website belies this contention and makes repeated reference to Trimac control or connection, including by thanking the visitor for "visiting the Trimac Transportation Services Inc. ("Trimac") website."

where a parties' voluntary commercial activity foreseeably causes downstream damage in the forum-state. *See, e.g., World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 298, 100 S. Ct. 559, 567 (1980) ("The forum State does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State."); *Nuovo Pignone v. Storman Asia M/V*, 310 F.3d 374, 380 (5th Cir. 2002) ("As a voluntary member of the economic chain that brought the reactor to Louisiana, [party seeking dismissal] purposely has availed itself of the privilege of conducting business in that state."); *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 551 (6th Cir. 2007) (The "defendant must have purposefully availed himself of the privilege of acting in the forum state or causing a consequence in the forum state.") (internal quotations omitted); *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 463 (1985) (specific jurisdiction proper "where an alleged injury arises out of or relates to actions by the defendant *himself* that are purposefully directed toward forum residents[,]" or "contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing" establish minimum contacts) (emphasis in original).

"[T]he Court must view the pleadings and affidavits in a light most favorable to the [movants] and should not weigh the controverting assertions of the party seeking dismissal." *Cmty. Ass'n of Underwriters of Am., Inc*, 2023 WL 8851666, at *3. The Court finds that, based on Movants' evidence, and notwithstanding Trimac's controverting assertions, Movants have shown a reasonable basis to expect that discovery would reveal facts supporting purposeful availment due to TTI's and TTSWI's Kentucky locations and advertising. Discovery into TTSI's knowledge, or the Trimac Entities' shared knowledge, of the tanker's destination may show whether Trimac purposefully availed itself of the benefits of, or knowingly caused relevant

8

consequence in, the state of Kentucky. Discovery into the Trimac Entities' corporate relationship may also reveal the extent to which the knowledge or activity of one entity may be imputed to the others. "When the written submissions raise disputed issues of fact with regard to cross-corporate entanglements ... the district court should allow further discovery or hold an evidentiary hearing." *Cargotec USA*, 2010 WL 3397355, at *1 (internal quotations omitted) (citing *Drexel Chemical Co. V. SGS Depauw & Stokoe*, 1995 WL 376722, *2 (6th Cir. June 22, 1995).

Movants' proposed discovery requests are clearly targeted at facts needed to satisfy this prong. *See, e.g.,* MCP Reply [DN 93] at 11-12 (seeking discovery into the "relationship between the Trimac Defendants," "TTSI's knowledge that Contrans' tankwagon was bound for Kentucky," and the "Trimac Defendants' business activities and washing activities in Kentucky[.]")

### b. Whether Discovery Could Show Claims Arise from or Relate to Trimac's Kentucky Contacts

The Sixth Circuit has articulated "the standard for this prong in a number of different ways, such as whether the causes of action were 'made possible by' or 'lie in the wake of' the defendant's contacts, or whether the causes of action are 'related to' or 'connected with' the defendant's contacts with the forum state." *Stockton Mortg. Corp. v. Bland*, 621 F. Supp. 3d 795, 804 (E.D. Ky. 2022) (citing *Air Prods. & Controls, Inc.*, 503 F.3d at 550-553). This "is a lenient standard and the cause of action need not formally arise from defendant's contacts." *Id*. (internal quotations and citations omitted). "[W]e look under this prong at a defendant's specific contacts with the state and consider their connection to a plaintiff's claim." *Sullivan v. LG Chem., Ltd.*, 79 F.4th 651, 673 (6th Cir. 2023).

9

Movants allege, and point to websites showing, that Trimac advertises tank-washing services in both Kentucky and Canada and that Trimac performs tank-washing services in both forums. Movants further allege, and point to wash certificates showing, *see* [DNs 34-2, 34-3], that Trimac washed a tanker in Canada, which they knew or should have known was bound for Kentucky, and when the tanker reached its destination the contaminated load caused millions of dollars of damages to MCP.

In an analogous case, the Supreme Court analyzed claims brought by Minnesota and Montana plaintiffs involved in car accidents that were allegedly caused by defective Ford Motor Company vehicles—which had been designed, manufactured, and sold in states outside Minnesota and Montana. *See Ford Motor Co. v. Mont. Eighth Judicial Dist. Court,* 592 U.S. 351 (2021). Ford conceded that it had purposefully availed itself of the benefits of the Minnesota and Montana forums, but it argued that because its in-state activity did not give rise to the plaintiffs' claims, it was not subject to personal jurisdiction in Minnesota or Montana. *Id* at *352. The Court rejected this argument and found that specific personal jurisdiction could attach "when a company cultivates a market for a product in the forum State and the product malfunctions there." *Id.* It found that *"*Ford advertises and markets its vehicles in Montana and Minnesota, including the two models that allegedly malfunctioned in those States," and "because Ford had systematically served a market in Montana and Minnesota for the very vehicles that the plaintiffs allege malfunctioned and injured them in those States, there is a strong relationship among the defendant, the forum, and the litigation—the essential foundation of specific jurisdiction." *Id.* at *353. In sum, a suit need not "arise out of" defendant's in-state contacts or activities, so long as it "relate[s] to the defendant's contacts with the forum" such that due process considerations are not offended. *Id* at *362.

The Court cautioned that "the phrase 'relate to' incorporates real limits, as it must to adequately protect defendants foreign to a forum." *Id*. In deciding that a sufficient relationship existed, it found that Ford extensively advertised in Montana and Minnesota, sold cars there, Ford dealers regularly maintained and repaired Ford cars in those states, Ford sent replacement parts to those states, and all of those activities "made Ford money." *Id* at *365.

In *Ford*, it was clear that Ford Motor Company both manufactured the defective vehicles out-of-state and carried out systematic and related Ford Motor Company business in the forum-states where it had been sued. What is less than clear here is to what extent TTSI's tank-washing in Canada relates to the tank-washing services and advertising performed by TTSWI and TTI in Kentucky. The discovery MCP seeks is reasonable and appropriate as a means of bringing clarity to the Trimac Entities' corporate relationship and to what extent their in-state and out-of-state activities are related. *See Cargotec USA*, 2010 WL 3397355, at *1.

        c.    <u>Whether Discovery Could Show that Jurisdiction is Reasonable</u>

Finally, the Court must consider whether exercising jurisdiction over Trimac "would be reasonable, i.e., whether it would comport with traditional notions of fair play and substantial justice." *Sullivan v. LG Chem., Ltd*., 79 F.4th 651, 674 (6th Cir. 2023) (internal quotations omitted). When, as discussed above, it is reasonable to expect that discovery would reveal facts supporting purposeful availment and relatedness, "an inference arises that this third factor is also present." *Id.* (internal quotations omitted). The Court "must consider several factors in this context, including the burden on the defendant, the interest of the forum state, the plaintiff's interest in obtaining relief, and the interest of other states in securing the most efficient resolution of controversies." *Id.* (internal quotations omitted).

Kentucky "has a strong interest in providing a forum for lawsuits relating to their residents' injuries[.]" *Id.* Plaintiff has alleged that it suffered millions of dollars in damages related to Trimac's negligence and breach of contract. *See* Amended Complaint [DN 34] at 8-15. Trimac argues that the discovery sought by MCP and IGI is overly broad and unduly burdensome; however, these arguments are premature and would be more appropriately reserved as objections to specific requests. To preempt some of these potential objections, the Court will require the parties to use best efforts to streamline discovery and minimize the potential burden on Trimac.

## CONCLUSION AND ORDER

In light of the foregoing, the Court shall **GRANT** Plaintiff MCP's and Defendant/Third-Party Plaintiff IGI's Motions for Leave to Serve Jurisdictional Discovery on the Trimac Entities, MCP Motions [DNs 83, 91]; IGI Motion [DN 90]. The parties shall use best efforts to coordinate their discovery requests and share responses to minimize the burden placed on the Trimac Entities.

**IT IS FURTHER ORDERED** that the parties shall confer in good faith and complete limited jurisdictional discovery within ninety (90) days of entry of this order.

March 4, 2025

Lanny King, Magistrate Judge
United States District Court