UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CIVIL ACTION NUMBER 5:23-cv-101-BJB-LLK

MAYFIELD CONSUMER PRODUCTS, LLC  PLAINTIFF

v.

THE INTERNATIONAL GROUP, INC.  DEFENDANT/
THIRD-PARTY PLAINTIFF

v.

CONTRANS TANK GROUP GP INC.,
CONTRANS TANK GROUP LP,
NATIONAL TANK SERVICES,
TRIMAC TRANSPORTATION SERVICES, INC.,
TRIMAC TRANSPORTATION, INC., AND
TRIMAC TRANSPORTATION SERVICES WESTERN, INC.  THIRD-PARTY DEFENDANTS

MEMORANDUM OPINION AND ORDER
DECLINING TO ENTER AGREED PROTECTIVE ORDER [DN 142]

Pursuant to 28 U.S.C. § 636(b)(1)(A), this matter has been referred to United States Magistrate Judge Lanny King for hearing and determining all pretrial matters, including non-dispositive motions, and conducting a settlement conference. [Text Order at DN 14]. Presently at issue is a proposed Agreed Protective Order submitted by counsel for the parties. [DN 142].

**Background**. Plaintiff Mayfield Consumer Products (MCP) manufactures candles. MCP sued its wax supplier, The International Group, Inc. (IGI), alleging that IGI provided MCP with defective/contaminated wax. [DN 1]. IGI, in turn, sued the six named Third-Party Defendants (Contrans/Trimac) alleging numerous causes of action including negligence, fraud, breach of

contract, and indemnification for providing the contaminated tanker used to haul the wax. [DN 36]. The parties have commenced discovery and seek to shield "Confidential Information" from public access in this litigation by entry of an Agreed Protective Order. [DN 142].

In the Agreed Protective Order, "'Confidential Information'" includes, but is not limited to, customer information, pricing information, marketing strategies, formulas, employee information, trade secrets as that term is defined in the Defend Trade Secrets Act (18 U.S.C. § 1839(3)), and other information generally protected from public disclosure by the Parties." [DN 142] at 2. There are nine categories of individuals who shall have access to designated "Confidential Material" including the Court and its personnel. [DN 142] at 4-7. A designation of "Highly Confidential" further limits the categories of individuals who have access. *Id*. The Agreed Protective Order forbids the filing of Confidential Material into the public record in this action without written permission from the designating party and creates a challenge process for a party to contest a confidential designation which must be exhausted before a party files a challenge with the Court. [DN 142] at 8-10. Provision 8 tacks a three-day objection window on to Joint Local Rule 5.6 should the Court deny leave to file Confidential Information under seal. Challenges regarding confidentiality designation shall be brought before the Court for ruling. [DN 142] at 10. The Agreed Protective Order instructs that documents filed under seal shall be deleted from the ECF system upon order of the Court, indicates that the Order shall remain in force after dismissal or entry of final judgment, and that the Order is binding upon parties and nonparties to the litigation. [DN 142] at 11-12.

**Applicable law**. Rule 26 of the Federal Rules of Civil Procedure affords the Court broad discretion to grant or deny protective orders. *Proctor & Gamble Co. v Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). This Court is increasingly scrutinizing protective orders that do not make

the necessary showing of good cause required by the Federal Rules and the relevant case law. *See Global Hemp, Inc. v. Industrial Hemp Solutions*, LLC, 5:20-cv-12-TBR-LLK, 2020 WL 12846562, at *1 (W.D.Ky. Oct. 6, 2020) (collecting cases). Pursuant to Rule 26(c)(1)(G),

> [t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including … requiring that a trade secret or other confidential research, development, or commercial information not be revealed or be revealed only in a specified way …." Good cause exists when the party moving for the protective order "articulate[s] specific facts showing 'clearly defined and serious injury' resulting from the discovery sought. . .."

*Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). Generally, this Court is disinclined to enter agreed protective orders as they do not comply with the requirement that the parties certify their good faith efforts to resolve a discovery dispute.

In the context of trade secrets and confidential information, courts have looked to six different factors in determining whether there is a need to protect that information:

1) the extent to which the information is known outside of [the] business;

2) the extent to which it is known by employees and others involved in [the] business;

3) the extent of measures taken … to guard the secrecy of the information;

4) the value of the information to [the business] or [its] competitors;

5) the amount of effort or money expended … in developing the information; and

6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Williams v. Baptist Healthcare Sys.*, No. 3:16-cv-00236-CRS, 2018 WL 989546, at *2 (W.D. Ky. Feb. 20, 2018) (citing *Nash-Finch Co. and Super Food Servs., Inc. v. Casey's Foods, Inc.*, 2016 WL 737903, at *2 (E.D. Ky. Feb. 23, 2016) (citing *Stout v. Remetronix, Inc.*, 298 F.R.D. 531, 535

(S.D. Ohio Jan. 17, 2014)); see also *Specialty Auto Parts USA, Inc. v. Holley Performance Products, Inc.*, No. 1:17-cv-147-DJH-LLK, 2020 WL 1914817 (W.D. Ky. April 20, 2020).

**Analysis**. In order for a protective order to be granted, the movants seeking it must establish good cause by articulating "specific facts showing 'clearly defined and serious injury' resulting from the discovery sought …." *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001) (citing *Avirgan v. Hull*, 118 F.R.D. 25, 254 (D.D.C. 1987)). In the instant case, the parties have failed to articulate specific facts that would show a clearly defined and serious injury would result from the disclosure of the "Confidential information." They have generally cited to one statute pertaining to the protection of trade secrets for all of the broad categories of information and documents listed. There are no specific legal bases identified for deeming each broad class of documents to be "Confidential information." Mere conclusory statements and generalizations do not meet the articulation requirement. Furthermore, as defined in the Agreed Protective Order, the class of documents subject to protection could be most anything that either party determines to be "Confidential information" if it is "information generally protected from public disclosure by the Parties." [DN 142] at 2.

By way of example, this Court points to its prior decision in *Bussell v. Elizabethtown Independent School District*, 3:17-cv-00605-GNS, DN 27 (W.D. Ky. Aug. 29, 2018), wherein the parties submitted an Agreed Protective Order for the protection of alleged confidential and private information but failed to explain why the order was necessary. The Court denied the motion without prejudice, instructing that a request for a protective order should set forth the reasons why the order is necessary. *Id*. at DN 28. The parties subsequently filed a new Motion for Protective Order, which the Court granted, noting that the parties explained that the materials sought to be protected were nude or seminude photographs and that dissemination of the images is sensitive,

could constitute a crime, and could adversely impact ongoing criminal proceedings. *Id*. at DN 33. The parties herein are similarly encouraged to set forth with specificity the reasons protection is sought for narrowly defined classes of documents identified in the Agreed Protective Order or simply agree among themselves to have certain limitations on the materials produced in discovery without court intervention. *Hasenbein v. F3EA, Inc.*, 3:20-cv-822-BJB-RSE, 2021 WL 6496791, at *1 (W.D. Ky. May 18, 2021).

For the foregoing reasons, the Court declines to enter the Parties' Agreed Protective Order [DN 142] without prejudice.

February 6, 2026

**Lanny King, Magistrate Judge**
**United States District Court**